UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATCOR SERVICES, INC.                         CIVIL ACTION

VERSUS                                        NO: 07-3672

LEON PLASKETT, ET AL                          SECTION: J (5)

**ORDER AND REASONS**

Before the Court is Defendants Boyson Inc., Leon Plaskett, and Leon's Management Services, LLC's **Motion for Judgment as a Matter of Law, New Trial, Reconsideration and/or Amendment** (Rec. D. 152) and **Motion to Stay** (Rec. 159); Defendant Chiasson Welding Services, Inc's **Motion to Alter and/or Amend the Judgement and For a New Trial** (Rec. D. 150) and **Motion to Stay** (Rec. D. 156); and Plaintiff Catcor Services, Inc.'s **Motion to Fix Attorneys' Fees** (Rec. D. 158). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants Boyson Inc., Leon Plaskett, and Leon's Management Services, LLC's **Motion for Judgment as a Matter of Law, New Trial, Reconsideration and/or Amendment** (Rec. D. 152) and **Motion to Stay** (Rec. 159); Defendant Chiasson Welding Services, Inc's **Motion to Alter and/or Amend the Judgement and For a New Trial** (Rec. D. 150) and **Motion to Stay**

(Rec. D. 156) are **DENIED** and Plaintiff Catcor Services, Inc.'s **Motion to Fix Attorneys' Fees** (Rec. D. 158) is **GRANTED.**

## Discussion

### Defendants' Post Trial Motions

Defendants Plaskett, LMS, Boyson and Chiasson have filed post-trial motions seeking to alter or amend the Court's judgment dated August 17, 2009 (Rec. Doc. No. 149) or a new trial. For the most part, Defendants merely seek to rehash the same arguments and evidence that was considered by the Court when it issued oral Findings of Fact and Conclusions of Law at the conclusion of the bench trial.

Only a couple of the Defendants' post-trial arguments deserve discussion. Defendants argue that it was error for the Court to find that Defendants had engaged in a "conspiracy" because the Plaintiff, Catcor, never pled that a conspiracy existed in its Complaint. Defendants further argue that even if a conspiracy had been properly pled, there was no evidence to support the finding that a conspiracy existed in this case.

The first argument is easily disposed of because Catcor clearly alleged a civil conspiracy in the Final Pretrial Order jointly submitted by the parties and approved by the Court. A final pretrial order "controls the course of the action" once it is entered and approved by the Court. Fed.R.Civ.P. 16(d). "It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and

evidence to be presented at trial." McGehee v. Certainteed Corp., 101 F.3d 1078, 1080 (5th Cir.1996). Furthermore, where a party fails to plead something in the initial pleadings, inclusion in the pre-trial order mitigates any allegations of prejudice due to untimely notice. Allied Chemical Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir.1983) Thus, Courts can allow the introductions of new claims and defenses if they are included in the pretrial order. Id. See also Wilson v. Muckala, 303 F.3d 1207 (10th Cir. 2002) ("[T]he inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.")

The Pretrial Order, in stating Catcor's claims against the Defendants, contains language which alleges conspiracy between Chiasson Welding and Boyson:

> If this Court determines that Chiasson Welding and Boyson conspired with Plaskett and LMS, then the defendants are solidarily liable to Catcor for the return of the entire $385,000, damages, and attorneys' fees.

Pretrial Order, Page 12.

Further, at page 37 of the Pretrial Order, in the section titled "contested issue of law" number 18, it states:

> Whether Plaskett, LMS, Boyson, and Chiasson Welding (or any grouping of said defendants) are solidarily liable to Catcor for the return of Catcor's $385,000 and other damages?

Under Louisiana law, the only way in which all of the Defendants could be "solidarily liable" is by virtue of La. Civil Code art. 2324(A), which provides: "[h]e who *conspires* with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."  Reading the Pretrial Order in light of this law, it was clearly alleged that the Defendants conspired to cause an intentional injury or damage to Catcor.

Based on the testimony and other evidence at trial, the Court made a factual finding and legal conclusion that all of the defendants had conspired to convert Catcor's money to their own use.  At the suggestion of Plaskett/LMS, Catcor wired $385,000 to Chiasson's bank account, intended as a deposit for the purchase of steel and jigs to be used in the construction of a new fuel barge for Catcor. Chiasson, Plaskett and LMS clearly knew the source and intended purpose of this money, yet together agreed to convert Catcor's money to other uses, benefitting Plaskett, LMS and Boyson.

Chiasson also benefitted by virtue of the fact that it never intended to construct a barge for Catcor, yet instead of returning Catcor's deposit, Chiasson agreed with Plaskett and LMS to use portions of the money to pay down unrelated accounts incurred by Boyson, and to kick back other portions of the money to Plaskett and/or LMS.  Plaskett was acting as an agent and

"Chief Executive Officer" of Boyson when he directed Catcor's money to be used to credit against Boyson's accounts. Boyson was aware that its accounts were credited by use of funds that did not belong to Boyson, yet Boyson made no attempt to refund the money to its rightful owner, Catcor.

A "conspiracy" is simply an agreement or plan by two or more persons to accomplish some unlawful or illegal act. <u>Hall, et ux. v. Lilly, et al.,</u> 697 So. 2d. 676, 678 (La.App. 2 Cir. 6/18/97) It is not necessary that there be a formal or express agreement, but it may be based on a course of conduct from which a tacit agreement to act in concert may be implied. 16 Am. Jur. 2d Conspiracy § 51; 15a C.J.S. Conspiracy § 24. Likewise, it is not necessary that every member of the conspiracy knew every detail of the plan or scheme. <u>Id,</u> If there is a conspiracy, the law treats all co-conspirators as one. In other words, "once the conspiracy has been established, the act done by one in furtherance of the unlawful design is in law the act of all." <u>Tabb v. Norred</u>, 277 So.2d 223, 228 (La. App. 3d Cir. 1973), *writ denied*, 279 So.2d 694 (La. 1973).

In this case, the unlawful or illegal act was the conversion of money belonging to Catcor. Based on the conduct of the various Defendants as found by the Court, there was an informal, tacit agreement by the Defendants to convert Catcor's money to their own use. This is precisely the type of conduct that calls for solidary liability under La. Civil Code art. 2324(A).

The remainder of the arguments advanced by Defendants appear more appropriate to the trial of the various cross claims, counter claims or third party claims, all of which were severed from the main case. A trial of the severed claims is set for April 19, 2010; the arguments can be raised at this time.

**Plaintiff's Motion to Fix Attorneys' Fees**

Plaintiff moves the Court to set Attorneys' Fees. Catcor argues that the fees they request are reasonable and should be paid in full. Plaintiff submits invoices with attorneys' fees totaling $163,726.25 with a discount of 10% applied to the last, and biggest invoice. With the discount, the total requested fees are $151,726.25.

Plaintiff further attaches an affidavit of Ewell E. Eagan, Jr. who conducted an audit of the invoices submitted by Catcor's attorneys at the Law Firm of Baker Donelson Bearman Caldwell & Berkowitz and finds that the fees requested are reasonable.

Plaintiff argues that since state law is the source of the award of attorney's fees, this Court must apply state law when accessing whether or not the fees charged are reasonable. <u>Mathis v. Exxon Corp.</u>, 302 F. 3d 448, 461 (5th Cir. 2002). Plaintiff avers that in assessing the reasonableness of attorneys fees, there are ten factors that are to be taken into account. <u>State of Louisiana, Department of Transportation and Development v. Williamson</u>, 597 So. 2d 439, 442 (La. 1992). These include: (1)

the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge. Id. at 442.

Plaintiff further argues that the majority of these factors indicate that their proposed fees, which come out to roughly 30% of the award won by their clients without interest and 26% with interest, are reasonable.

In opposition, Boyson argues that Plaintiff's attorneys should not be entitled to recover the full amount for several reasons. First, Boyson argues that Plaintiff failed to prevail on two claims they made: tortious interference with a contract and unjust enrichment. Second, Boyson argues that Plaintiff failed to plead sufficient facts to warrant the award of Leon Plaskett's consulting fee or the fee paid to the naval architect. Boyson further argues that the Plaintiff's attorneys appear to have made some duplicative efforts but is vague in providing substantial evidence of this allegation. Finally, Boyson argues that an award of 20-25% would be a more appropriate award for the parties.

In opposition to Plaintiff's Motion, Defendant Chiasson argues that attorney's fees cannot be assessed again it and that it should not be responsible for the full extent of the judgment.

Many of the arguments raised by Defendants were previously rejected in connection with the motions for new trials or to amend the judgment. Furthermore, after a careful and independent review of the billing documentation submitted by counsel for Plaintiff, the Court finds that the requested fees are reasonable in light of counsel's efforts and the success obtained.

Accordingly,

**IT IS ORDERED** that Defendants Boyson Inc., Leon Plaskett, and Leon's Management Services, LLC's **Motion for Judgment as a Matter of Law, New Trial, Reconsideration and/or Amendment** (Rec. D. 152) and Defendant Chiasson Welding Services, Inc's **Motion to Alter and/or Amend the Judgement and For a New Trial** (Rec. D. 150) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendants **Motions to Stay** (Rec. D. 156 & 159) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Set Attorneys' Fees** is **GRANTED** awarding attorneys' fees in the amount of $151,726.25

New Orleans, Louisiana this 22nd day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE